OPINION
{¶ 1} Defendant-appellant Ronnell Stephens-Tun appeals from his conviction on one count of Attempted Unlawful Sexual Conduct with a Minor in violation of R.C. 2907.04 and 2923.02. Stephens-Tun contends that his conviction is not supported by sufficient evidence. He further contends that the trial court erred with regard to jury *Page 2 
instructions on the defense of entrapment.
 {¶ 2} We conclude that the State presented evidence upon which a rational trier of fact could find every element of the offense proven beyond a reasonable doubt. We further conclude that Stephens-Tun has failed to demonstrate prejudicial error with regard to the jury instructions. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} On March 25, 2006, Stephens-Tun entered into an internet chat-room where he had an on-line conversation with a person identified as "Destiny." Destiny's on-line profile showed a picture of a young girl and identified herself as a thirteen-year-old girl living in Ohio. Stephens-Tun, who used the chat name "come_ride_and _chill_with_me," was twenty-three years old at the time. During the on-line conversation, he posted two photographs of himself: one of his face and one of his bare torso. Stephens-Tun also had a telephone conversation with Destiny. Thereafter, Stephens-Tun drove approximately two hours from Fort Wayne, Indiana to Darke County, Ohio in order to meet Destiny at a residence he believed belonged to Destiny's grandmother.
 {¶ 4} In reality, Destiny was a twenty-six year old female volunteer for an organization named "Perverted Justice." The person speaking to Stephens-Tun on the telephone was also a female Perverted Justice volunteer. At that time, Perverted Justice, along with the Darke County Sheriff's Department, had set up an internet sting operation for the purpose of apprehending adults who attempted to arrange meetings, via the internet, with minor children for the purpose of having a sexual encounter with *Page 3 
the child. On this particular operation, the National Broadcasting Company (NBC) was filming the meetings for an episode of its show entitled "Dateline: To Catch a Predator."
 {¶ 5} When Stephens-Tun arrived at the residence, he was greeted by Chris Hansen of NBC. Hansen proceeded to interview Stephens-Tun on camera. Thereafter, Stephens-Tun was arrested outside of the home and charged with one count of Attempted Unlawful Sexual Conduct with a Minor. A taped interview was also conducted by the Darke County Sheriff's Department.
 {¶ 6} A jury trial was conducted in March of 2007, following which Stephens-Tun was convicted as charged. He was sentenced to a prison term of seven months. From his conviction and sentence, Stephens-Tun appeals.
 II {¶ 7} The First Assignment of Error is as follows:
 {¶ 8} "THE TRIAL COURT COMMITTED PLAIN ERROR SINCE THE COURT'S INSTRUCTION TO THE JURY ON PAGES 452-453 OF THE TRANSCRIPT, REGARDING THE AFFIRMATIVE DEFENSE OF ENTRAPMENT, FAILED TO CLEARLY ALLOCATE THE BURDEN OF PROOF ON THE DEFENDANT."
 {¶ 9} During trial, Stephens-Tun asserted the affirmative defense of entrapment. He contends that the trial court erred by failing to deliver the appropriate instruction regarding the burden of proof for the defense. Specifically, he argues that the trial court "did not provide the jury with a clear understanding of which party had the burden of proving the affirmative defense of entrapment." *Page 4 
 {¶ 10} We begin by noting that Stephens-Tun did not raise any objections to the instructions regarding entrapment as read by the trial court. Therefore, he has forfeited all but plain error on the issue.
 {¶ 11} Turning to the actual instructions, we note that the oral instructions provided by the trial court regarding entrapment consisted of over three pages of transcript. The instructions provided, in part, as follows:
 {¶ 12} "How much proof do you have to have of entrapment? The State of Ohio has to prove all its elements beyond a reasonable doubt. It's a high standard of proof. It is, however, a different amount of proof for the defense of entrapment. When considering the entrapment defense, you only have to have what's called a preponderance of the evidence. It's a lower amount of evidence to establish the affirmative defense.
 {¶ 13} "Preponderance means that the evidence in favor of the affirmative defense slightly outweighs the evidence opposing the affirmative defense. I talked to you about shifting the scales a little bit in a civil case to receive a money judgment. It's that same preponderance or shifting that's necessary to prove the entrapment. The State has to prove guilt beyond a reasonable doubt. It's a large shifting, a large amount of proof to be thoroughly convinced. Preponderance is merely a changing of the weight or persuasion.
 {¶ 14} ". . . . If the weight of the evidence is evenly balanced on any affirmative defense, the scales haven't shifted and the Defendant hasn't produced enough evidence for the affirmative defense. And, again, that only applies if you find the State proved all of its elements beyond a reasonable doubt." *Page 5 
 {¶ 15} While these instructions may not be ideal, we find no prejudicial error given that the trial court did indicate that it is the defendant who must produce evidence of an affirmative defense. Further, we note that the prosecutor, during closing argument, properly informed the jury that Stephens-Tun had the duty to produce evidence of entrapment. More importantly, the written instructions given to the jury for use during deliberations clearly stated that "since entrapment is an affirmative defense, the defendant has the burden to prove entrapment by a preponderance of the evidence." We conclude that there is no reasonable likelihood that the jury was left in doubt as to the fact that the defense had the burden of proving the entrapment defense by a preponderance of the evidence.
 {¶ 16} The First Assignment of Error is overruled.
 III {¶ 17} The Second Assignment of Error provides:
 {¶ 18} "THE TRIAL COURT ERRED IN UPHOLDING THE JURY'S CONVICTION OF THE CHARGE OF ATTEMPTED UNLAWFUL SEXUAL CONDUCT WITH A MINOR AGAINST MR. STEPHENS-TUN BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE CONVICTION."
 {¶ 19} Stephens-Tun contends that his conviction must be reversed because the State failed to present evidence sufficient to prove that he committed the offense of Attempted Unlawful Sexual Conduct with a Minor. In support, he Stephens-Tun argues that there is no evidence to support a finding that he traveled to Ohio with the intent to have sex with a minor. He claims that the evidence does not lead to the sole conclusion *Page 6 
that he wanted to meet her for sex, but instead, supports a finding that he merely intended to "party" with her.
 {¶ 20} "When reviewing the sufficiency of evidence, the relevant inquiry is whether any rational finder of fact, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt." State v.Dennis, 79 Ohio St.3d 421, 430, 1997-Ohio-372.
 {¶ 21} R.C. 2907.04, the statute prohibiting sexual conduct with minors, provides in pertinent part as follows:
 {¶ 22} "(A) No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.
 {¶ 23} "(B) Whoever violates this section is guilty of unlawful sexual conduct with a minor.
 {¶ 24} ". . . .
 {¶ 25} "(3) Except as otherwise provided in division (B)(4) of this section, if the offender is ten or more years older than the other person, unlawful sexual conduct with a minor is a felony of the third degree."
 {¶ 26} Ohio's Attempt statute, R.C. 2923.02, provides:
 {¶ 27} "(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."
 {¶ 28} "A `criminal attempt' is when one purposely does or omits to do anything *Page 7 
which is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. To constitute a substantial step, the conduct must be strongly corroborative of the actor's criminal purpose." State v. Priest, Greene App. No. 2001 CA 108, 2002-Ohio-1892.
 {¶ 29} The record in this case reveals that Stephens-Tun and "Destiny" carried on an internet conversation from approximately five o'clock p.m. until he left his residence at seven p.m. The transcript of that conversation shows that Destiny informed him that she was home alone. At one point, Stephens-Tun stated that he did not have a girlfriend; he then asked Destiny to be his "lil mami." Stephens-Tun also stated that he would have sex with her if she wanted. When Destiny asked if they would really "fool around" and "go all the way," Stephens-Tun replied, "yea." He also asked Destiny how much she could drink to which she replied that six Mike's Hard Lemonade drinks would cause her to become "really wild."
 {¶ 30} Thereafter, Stephens-Tun traveled for approximately two hours to meet with Destiny, with the belief that she was home alone. He arrived at the home after ten o'clock p.m. When he entered the residence, he was greeted by Chris Hansen. During his interview with Hansen, which was shown to the jury, Stephens-Tun admitted that he believed Destiny was a thirteen-year-old girl, and that he had brought two six-packs of Mike's Hard Lemonade for her to consume. He also stated that there was a "fifty-fifty chance" that he would have had sex with the girl.
 {¶ 31} Stephens-Tun had a conversation with a person whom he believed was a thirteen-year-old girl. In the conversation, he indicated that he would have sex with her. He then drove to meet her. Clearly, driving to Darke County in an attempt to meet an *Page 8 
underage girl was a substantial step which was strongly corroborative of his criminal intent. We conclude that the record contains evidence upon which a rational trier of fact could find that Stephens-Tun attempted to have sexual conduct with a minor. Accordingly, the Second Assignment of Error is overruled.
 IV {¶ 32} Both of Stephens-Tun's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY and WALTERS, JJ., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio)
Copies mailed to:
 Hon. Jonathan P. Hein *Page 1